IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK SILLMAN,

      Plaintiff,                              No. CIV S-01-1375 FCD GGH P

   vs.

C/O JOHNS,

      Defendant.                          <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a former state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated when he filed this action.

        This action is proceeding on the amended complaint filed June 24, 2002. The only defendant is Correctional Officer Johns. Plaintiff alleges that defendant Johns acted with deliberate indifference by failing to protect plaintiff from another inmate and that he deprived plaintiff of his property.

        Pending before the court is defendant's April 28, 2005, motion for summary judgment and to dismiss pursuant to Fed. R. Civ. P. 12(b). Defendant noticed his motion for hearing on June 2, 2005. After the court determined that oral argument was not warranted, it contacted defense counsel by telephone to inform him that his appearance was not required. The court could not contact plaintiff because his telephone number is not in the court record. Despite

1

not having received notice of the vacated hearing, plaintiff did not appear in court.

Local Rule 78-230(c) provides that opposition to the granting of a motion must be filed fourteen days preceding the noticed hearing date. The Rule further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if written opposition to the motion has not been timely filed by that party." Moreover, Local Rule 78-230(j) provides that failure to appear may be deemed withdrawal of opposition to the motion or may result in sanctions. Local Rule 11-110 provides that failure to comply with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Finally, Local Rule 83-183, governing persons appearing <u>in propria persona</u>, provides that persons representing themselves are bound by the Federal Rules and the Local Rules and failure to comply therewith may be ground for dismissal, judgment by default, or other appropriate sanction.

The court first considers defendant's motion to dismiss pursuant to Rule 12(b). 42 U.S.C. § 1997e(a) requires prisoners to exhaust such administrative remedies as are available before filing a federal lawsuit. Defendant argues that plaintiff failed to exhaust administrative remedies prior to filing this action. While plaintiff was incarcerated when he filed this action, he has since been released on parole.

As acknowledged by defendant in his motion, in <u>Ngo v. Woodford</u>, 403 F.3d 620 (9th Cir. 2005) the Ninth Circuit held that a state prisoner, for whom no further level of administrative review remained available after his appeal was deemed time barred, has exhausted his administrative remedies. In <u>Ngo</u>, the Ninth Circuit also held that to demonstrate a failure to exhaust, defendants must specify what remedies remain available. 430 F.3d at 626.

In the instant case, assuming defendant is correct that plaintiff did not complete exhaustion prior to filing this action, defendant does not specify what administrative remedies remain available to plaintiff now that he is no longer incarcerated. Because defendant has not met his burden of demonstrating what remedies remain to plaintiff, the motion to dismiss

pursuant to Rule 12(b)(6) should be denied.

The court now considers defendant's summary judgment motion. Defendant argues that he is entitled to summary judgment as to the merits of plaintiff's claims. In the section of his pleading addressing his motion pursuant to Fed. R. Civ. P. 12(b) defendant also argues that plaintiff is barred from pursuing his property claim because his administrative appeal regarding this claim was granted and he entered into a full and total settlement. The court finds that this argument is more appropriately considered in the context of defendant's summary judgment motion.

Once the moving party demonstrates the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence sufficient to support a jury verdict in her favor. Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514 (1986). This requires the nonmoving party to "go beyond the pleadings and show 'by her own affidavits, or by the depositions, answers to interrogatories, or admissions on file,' that a genuine issue of material fact exists." Celotex v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553 (1986).

On May 24, 2005, plaintiff filed an opposition to defendant's motion. Plaintiff requests that defendant's motion be denied because he is still gathering evidence. Plaintiff also argues that defendant's motion should be denied because defendant has not responded to plaintiff's request for a settlement conference. Plaintiff does not otherwise address the merits of defendant's motion or provide any evidence. The operative complaint in this action, i.e. the second amended complaint filed June 24, 2002, is not verified.

By failing to provide any evidence or address the merits of defendant's motion, the court finds that plaintiff has failed to oppose defendant's motion.

Federal Rule of Civil Procedure 56(f) allows a party opposing summary judgment, who has not had sufficient time to complete discovery or otherwise marshal facts to oppose the motion, to move for a continuance of the proceedings pending completion of discovery. See

THI-Hawaii, Inc. v. First Commerce Fin. Corp., 627 F.2d 991, 994 (9th Cir. 1980).  Plaintiff has not moved to continue defendant's motion pursuant to Rule 56(f).  Even if he had, the court would find that he has had more than sufficient time to complete discovery and marshal facts.

That defendant did not respond to plaintiff's request for a settlement conference is not grounds to deny defendant's motion.

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule.  Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994), citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993).  However, when the local rule does not require, but merely permits the court to grant a motion for summary judgment, the district court has discretion to determine whether noncompliance should be deemed consent to the motion.  Id.

Based on plaintiff's failure to oppose defendant's motion, the court concludes that plaintiff has consented to defendants' motion for summary judgment.  In the alternative, the court finds that defendants' motion has merit.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's April 28, 2005, motion to dismiss pursuant to Fed. R. Civ. P. 12(b) be denied;

2. Defendant's April 28, 2005, motion for summary judgment be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

/////

/////

1 shall be served and filed within ten days after service of the objections.  The parties are advised
2 that failure to file objections within the specified time may waive the right to appeal the District
3 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
4 DATED:   7/27/05

6         /s/ Gregory G. Hollows

7         GREGORY G. HOLLOWS
        UNITED STATES MAGISTRATE JUDGE
8 ggh:kj
sill1375.46